**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| SABRINA HAWKINS, ) | |
| Petitioner, ) | |
| vs. ) | No. 3:14-CV-0433-N (BH) |
| ) | |
| WILLIAM STEPHENS, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings, evidence and applicable law, the petition for habeas corpus relief should be denied as barred by the statute of limitations.

**I. BACKGROUND**

Sabrina Hawkins (Petitioner), a former inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID.

On October 1, 2009, Petitioner was convicted of two counts of delivery of a controlled substance in Cause No. F43584 in the 249th District Court in Johnson County, Texas, and sentenced to forty years' imprisonment. (Petition (Pet.) at 2). She appealed her conviction and sentence, and the Tenth District Court of Appeals affirmed the conviction and sentence in an unpublished opinion on September 28, 2011. *Hawkins v. State*, No. 10-09-00331-CR (Tex. App. – Waco, September 28, 2011, pet. ref'd). Petitioner filed a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals that was refused on February 8, 2012. *See* PD-1655-11. She did not file a petition for writ of certiorari with the Supreme Court.

On March 18, 2013, Petitioner filed a state writ challenging her conviction that was denied

on its merits without a written order on May 22, 2013. (Pet. at 4); *see also Ex parte Hawkins*, No. WR-79,415-01 (Tex. Crim. App. May 22, 2013).[1] Her federal habeas petition is postmarked January 31, 2014. (Pet. at 23).

## II. STATUTE OF LIMITATIONS

### A. Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because the petition in this case was filed after its effective date, the Act applies.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was pre-vented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner did not file any petition for writ of certiorari with the United States Supreme Court

---

[1] The state habeas record reflects that Petitioner signed her state writ on March 18, 2013, and that the trial court received Petitioner's state habeas application on March 21, 2013. (*See* WR-79,415 transcript at 12, 27). The Fifth Circuit has recently held that due to a change in Texas state law, *pro se* inmate filings are deemed filed at the time they are delivered to prison authorities, not at the time they are stamped by the clerk of the court. *Richards v. Thaler*, 710 F.3d 573, 577 (5th Cir. 2013). Because the record does not contain any direct evidence as to when Petitioner placed her state writ in the mail, the date she signed the writ is considered as the date of filing for purposes of this recommendation.

after her PDR was refused by the Court of Criminal Appeals. Her state conviction became final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the PDR. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13.3. Petitioner's PDR was refused on February 8, 2012, so her state conviction became final ninety days later, on May 8, 2012.

Here, Petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented her from filing her federal petition or any new constitutional right (subparagraph (C)). The one-year statute of limitations is therefore calculated from the latest of the date her conviction became final (subparagraph (A)) or the date on which she knew or should have known with the exercise of due diligence the facts supporting her claims (subparagraph (D)).

With regard to subparagraph (D), Petitioner claims that the indictment was invalid, that her constitutional rights were violated by racial discrimination in the selection of the grand jury and petit jury, that one of the jurors who convicted her had a conflict of interest, that her trial and appellate counsel were ineffective in several respects, that law enforcement and the prosecution committed misconduct, that the trial court erred in failing to exclude certain evidence, that the evidence is insufficient to support her conviction and that the Texas court of appeals erred in its decision. (Pet. at 6-7, 11-19). The facts supporting these claims became known or could have become known prior to the date her state judgment of conviction became final. Petitioner asserts in her federal petition that evidence regarding the number of African-Americans on the grand jury and petit jury took

3

longer for her to obtain because she had to wait for case law books to be delivered to her prison unit. (Pet. at 8). Petitioner either knew or should have known the racial composition of the jury that convicted her before her conviction was final, however, and she includes no facts to support her assertion that no African-American has ever served on a grand jury in Johnson County, Texas. (Pet. at 5).[2] . Because she filed her federal habeas petition more than one year after her conviction became final on May 8, 2012, a literal application of § 2244(d)(1) renders her January 31, 2014, filing[3] untimely.

**B. Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). When Petitioner mailed her state petition on March 18, 2013, 314 days had elapsed after her conviction became final on May 8, 2012. The Texas Court of Criminal Appeals denied her state application on May 22, 2013. Therefore, the statute of limitations was tolled until

---

[2] In order to establish that a racial group has been substantially underrepresented as grand jurors such that the selection procedure violates the Equal Protection clause of the Fourteenth Amendment, a defendant must show that the procedure employed resulted in the substantial underrepresentation of her race. This is shown by comparing the proportion of the group in the general population with the proportion called for jury service over an extended period of time. *Castaneda v. Partida*, 430 U.S. 482, 493-95 (1977). A selection procedure that is susceptible of abuse or is not racially neutral supports a presumption of discrimination raised by a statistical showing of underrepresentation. *Id.* at 494. Petitioner presented no such evidence in her federal petition, so the statute of limitations with respect to this claim runs from the date her conviction became final, not from the date on which she knew or should have known of the facts used to support this claim. *See* § 2244(d)(1)(D).

[3] Prisoners are considered to have filed their federal pleadings when they place them in the prison mail system. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Petitioner was a prisoner when she filed her federal habeas petition, but she did not complete the portion of the petition that states the date she placed it in the prison mail system or otherwise date the petition. (*See* Pet. at 10). The envelope in which she mailed her petition was postmarked on January 31, 2014. Her motion to proceed *in forma pauperis,* which was received on the same date as her petition, is dated December 12, 2013. Because the record does not contain any direct evidence as to when Petitioner placed her federal petition in the mail, this date is considered as the date of filing for purposes of this recommendation.

that date. The AEDPA clock began to run again on May 23, 2013. The one-year statute of limitations expired 51 days later, on July 15, 2013,[4] and Petitioner did not file her federal petition until almost months later, on December 12, 2013. The statutory tolling provision does not save the federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if she shows that: 1) she has been pursuing her rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). She bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also

---

[4] The 51st day was Saturday, July 13, 2013, so the statute of limitations ended the next Monday, July 15, 2013. *See* FED. R. CIV. PROC. 6(a).

stated that when a prisoner contends that her ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, Petitioner presented no argument or evidence that she was prevented from filing either her state writ or her federal petition earlier. While she asserts that the facts to support her claims of racial discrimination in jury selection were not available earlier, she knew or should have known the racial composition of the jury that convicted her at the time of her trial, and she offers no facts to support her claim regarding the racial composition of grand juries. Therefore, she was not prevented from filing either her state writ or her federal petitioner earlier than she did. She did not answer the question in the standard form to explain why she did not timely file her petition, and she has not demonstrated the due diligence required for equitable tolling of the statute of limitations. Plaintiff's federal petition is barred by the statute of limitations.

### III. RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED on this 27th day of February, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE